1
2
3
4
5
6
7
8

IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
ROBERT XIE (SBN 329126)
rxie@feinday.com
FEINBERG DAY KRAMER ALBERTI LIM
TONKOVICH & BELLOLI LLP
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650.825.4300/Fax: 650.460.8443

*Attorneys for Defendant* Peter Arn

9
10
11

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12
13
14
15
16
17
18
19

| HURFORD GLOBAL, LLC, | Case No. 2:20-cv-10203-DDP-PVC |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT PETER ARN'S ANSWER TO FIRST AMENDED COMPLAINT** |
| ROM TECHNOLOGIES, INC., PETER ARN, and SANFORD A. GOMBERG, | **JURY TRIAL DEMANDED** |
| Defendants. | |

20
21
22
23
24
25
26
27
28

Defendant Peter Arn ("Arn" or "Defendant") responds to Plaintiff Hurford Global LLC ("Plaintiff") First Amended Complaint as follows:

<u>**PARTIES**</u>

1.      Plaintiff, Hurford Global, LLC, is an Illinois limited liability company whose sole member is Dr. Patricia Hurford. Dr. Hurford is domiciled in Illinois and, therefore, is a citizen of Illinois. Accordingly, Hurford Global, LLC is a citizen of Illinois.

**Response to Paragraph No. 1.**

Arn alleges that he lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies them.

2.      Defendant ROM Technologies, Inc. (formerly known as ROM3 Rehab, LLC and ROM3 California, LLC) ("ROM Tech.") is a corporation incorporated in the State of Delaware with its principal place of business in Connecticut. Therefore, ROM Tech. is a citizen of Delaware and Connecticut.

**Response to Paragraph No. 2.**

Arn admits the allegations of this paragraph.

3.      Defendant Peter Arn, the Co-Founder and Chief Executive Officer of ROM Tech., ROM3 Rehab, LLC, and ROM3 California, LLC, is domiciled in Connecticut and, therefore, is a citizen of Connecticut.

**Response to Paragraph No. 3.**

Arn denies that he was the Chief Executive Officer of ROM 3 California, LLC. Except as thus expressly denied, Arn admits the allegations of this paragraph.

4.      Defendant Sanford Gomberg, Co-Founder and Officer of ROM Tech., ROM3 Rehab, LLC, and ROM3 California, LLC, is domiciled in Nevada and, therefore, is a citizen of Nevada.

**Response to Paragraph No. 4.**

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

Arn admits the allegations of this paragraph.

## JURISDICTION AND VENUE

5.      The Court has personal jurisdiction over Defendants because Defendants purposefully direct their activities at residents of Illinois and the litigation results from alleged injuries that arise out of or relate to those activities.

**Response to Paragraph No. 5.**

Arn denies the allegations of this paragraph.

6.      Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over Plaintiff's claims arising under federal law. Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction over Plaintiff's claims arising under state law because this is a civil matter where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Alternatively, jurisdiction of the state law claims is proper pursuant to 28 U.S.C. § 1367(a) because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Response to Paragraph No. 6.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

7.      Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred within this judicial district or because this court has personal jurisdiction over Defendants.

**Response to Paragraph No. 7.**

Arn denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

8.      Plaintiff is the exclusive owner by assignment of three separate

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

patents (the "ROM3 patents"), issued by the United States Patent and Trademark Office, including:

    a.    Patent No. 7,226,394, granted on June 5, 2007;

    b.    Patent No. 7,594,879, granted on September 29, 2009; and

    c.    Patent No. 10,569,122, granted on February 25, 2020.

**Response to Paragraph No. 8.**

Arn alleges that he lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies them.

9.    The ROM3 patents, and the inventions and methods derived therefrom, cover medical devices including exercise machines that are designed to assist rehabilitation and to improve recovery time for patients with knee or hip injuries, or those who have undergone surgery, helping to reverse or reduce pain and stiffness in these parts of the body and to recover range of motion.

**Response to Paragraph No. 9.**

Arn alleges that the allegations of this paragraph state a legal conclusion and on that basis Arn neither admits nor denies them.

10.    Plaintiff is the exclusive owner by assignment of the "ROM3" and "ROM3 Rotary Rehabilitation Apparatus" trademark, and any derivations or variations thereof.

**Response to Paragraph No. 10.**

Arn denies the allegations of this paragraph

11.    On January 29, 2015, ROM3 California, LLC, entered into an Exclusive Licensing Agreement, a copy of which is attached hereto as **<u>Exhibit 1</u>** (the "Agreement").

**Response to Paragraph No. 11.**

Arn admits the allegations of this paragraph

12.    As the Licensee in the Agreement, ROM3 California, LLC, agreed to perform certain actions in exchange for a license to use the ROM3 patents and

ROM3 trademark.

**Response to Paragraph No. 12.**

Arn admits the allegations of this paragraph

13.     In July 2016, ROM3 California, LLC, was converted into ROM3 Rehab, LLC, a Nevada limited liability company.

**Response to Paragraph No. 13.**

Arn admits the allegations of this paragraph

14.     In January 2020, ROM3 Rehab, LLC was converted into ROM Technologies, Inc.

**Response to Paragraph No. 14.**

Arn admits the allegations of this paragraph

15.     Plaintiff is the Licensor under the Agreement by assignment.

**Response to Paragraph No. 15.**

Arn alleges that he lacks sufficient information to admit or deny  the allegations  of this paragraph and on that basis denies them.

16.     Specifically, in exchange for an exclusive license to use the ROM3 patents and trademark, the Licensee agreed to:

a.     use commercially reasonable efforts to utilize the ROM3 patents and trademark to develop, manufacture, market, and sell products and services derived therefrom in quantities sufficient to meet the market demand, and to maximize the value of Licensee's rights under the Licensing Agreement (**Ex. 1**, ¶ 6.1);
b.     provide semi-annual progress reports to Licensor regarding the development, manufacture, marketing, testing, and sales of the licensed products, licensed services, and licensed methods prior to the first sale, and providing quarterly royalty reports thereafter (**Ex. 1**, ¶ 7.1); and
c.     pay Licensor earned royalties at the rate of five percent (5%) of the unit price of each sold invention or service covered by the patents or trademark in the Licensing Agreement (**Ex. 1**,

¶ 5.1).

**Response to Paragraph No. 16.**

Arn alleges that the Agreement speaks for itself.  Except as thus alleged, Arn denies the allegations of this paragraph.

17.     On February 28, 2016, the Licensee and the Licensor modified the Agreement via a Memorandum of Understanding (the "Memorandum"), which amended and superseded any conflicting provisions within the Agreement. The Memorandum is attached hereto as **Exhibit 2**.

**Response to Paragraph No. 17.**

Arn alleges that Hurford expressly repudiated the Memorandum and denied that it was an enforceable agreement.  Arn alleges that the Memorandum speaks for itself.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

18.     The Memorandum modified the Agreement by, *inter alia*:

a.     eliminating Licensee's obligation to pay 5% royalties to Licensor for each sold invention or service covered by the ROM3 trademark or patents (**Ex. 2**, ¶ 3);

b.     providing that Licensee was to pay Licensor $839,600 for "payments owed to [Licensor]," broken down as follows:

    i.     $750,000 as a "Preference Amount" to be paid by the profit distribution described below;

    ii.     $35,000 as an acknowledged prior debt to Licensor to be paid with a promissory note; and

    iii.     $54,600 for unpaid compensation for work provided to Licensee since its inception, to be paid with a separate promissory note (**Ex. 2**, ¶ 4);

c.     providing that Licensee was to pay Licensor 47.9% of all future net profit distributions until certain  business milestones were met, after which Licensee agreed to pay Licensor 30.0% of such future net profit distributions (**Ex. 2**,

¶ 5);

d.     imposing various reporting requirements upon Licensee, including making bi-annual reports regarding sales activity, bi-annual reports regarding all earnings activity, and bi- annual financial reports (**Ex. 3**, ¶ 9); and

e.    making the Agreement irrevocable, provided that Licensee met specific milestones,[2] with the understanding that Licensee's failure to meet these milestones would provide **Licensor** with the sole right to revoke the Agreement.

**Response to Paragraph No. 18.**

Arn alleges that the Memorandum speaks for itself. Except as thus alleged, Arn denies the allegations of this paragraph.

19.    In addition to its express provisions, the Agreement and Memorandum also contained an implied covenant of good faith and fair dealing.

**Response to Paragraph No. 19.**

Arn alleges that the allegations of this paragraph state a legal conclusion and on that basis Arn neither admits nor denies them.

20.    ROM Tech. has failed and refused to comply with its obligations under the Agreement and Memorandum, by, *inter alia*:

a.    failing to use commercially reasonable efforts to diligently proceed with the development, manufacture, marketing, and sale of licensed products and services as required by the Licensing Agreement;

b.    performing in bad faith and without fair dealing by, *inter alia*, exercising judgment conferred by the Agreement and Memorandum in such a manner as to evade the spirit of the bargain and/or to deny Plaintiff the expected benefit of the bargain, lacking diligence, and willfully rendering imperfect performance;

c.    not delivering the $54,600 promissory note to Licensor or otherwise paying the "acknowledged prior debt"; not delivering the $35,000 promissory note to Licensor or otherwise paying the "unpaid compensation for work provided";

d.    not making any profit distribution payments or accountings to Licensor; and

e.    failing to provide sales, earnings, financial, and other reports and accountings required by the Agreement.

**Response to Paragraph No. 20.**

Arn alleges that Hurford expressly repudiated the Memorandum and denied that it was an enforceable agreement. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

1    21.    On October 16, 2019, Licensee purported to provide Plaintiff with a

2    three-month notice indicating that it intended to terminate the Agreement, as

3    required by the initial Agreement's terms, notwithstanding the modified provision

4    from the Memorandum stating that the Agreement was irrevocable but for the sole

5    right of revocation held by the Licensor.

6    **Response to Paragraph No. 21.**

7    Arn admits that on October 16, 2019, ROM Tech sent Plaintiff a notice of

8    termination.  Except as thus expressly admitted, Arn denies the allegations of this

9    paragraph.

10    22.    Plaintiff has not terminated the Agreement.

11    **Response to Paragraph No. 22.**

12    Arn denies the allegations of this paragraph

13    23.    After October 16, 2019, ROM Tech. has purposefully slowed or

14    ceased efforts to market and sell products covered by the ROM3 patents; however,

15    they have continued marketing and selling similar products and services under a

16    confusingly similar tradename "ROM TECH."

17    **Response to Paragraph No. 23.**

18    Arn denies the allegations of this paragraph.

19    24.    Plaintiff incorporates all prior paragraphs as if stated herein.

20    **Response to Paragraph No. 24.**

21    Arn incorporates his responses to all prior paragraphs as if stated herein.

22    **<u>COUNT I</u>**
     **<u>Declaratory Judgment</u>**

23

24    25.    This Court has jurisdiction to declare the rights and other legal

25    relations pursuant to 28 U.S.C. §§ 2201-2202.

26    **Response to Paragraph No. 25.**

27    Arn admits the allegations of this paragraph.

28    26.    The Agreement and Memorandum constitutes a valid and

1    enforceable contract (the "Contract").

2    **Response to Paragraph No. 26.**

3    Arn admits that the Agreement was a valid and enforceable contract.

4    Except as thus expressly admitted, Arn denies the allegations of this paragraph

5    27.     The Memorandum provides that it "amends and supersedes any

6    conflicting provisions within the January 29, 2015 Licensing Agreement . . . ."

7    **Ex. 2**, ¶ 1.

8    **Response to Paragraph No. 27.**

9    Arn alleges that the Memorandum speaks for itself. Except as thus

10    expressly alleged, Arn denies the allegations of this paragraph.

11    28.     The Memorandum amends and supersedes the termination

12    provisions of the Licensing Agreement by making the Agreement irrevocable so

13    long as ROM Tech. meets certain milestones, with the power to terminate reserved

14    solely to Plaintiff as Licensor:

15

16    The Licensing Agreement is irrevocable so long as [Licensee] reaches the
following milestones. If [Licensee] fails to reach these milestones, ***[Licensor] will***

17    ***have the right to revoke it***:

18    a.     $500,000 in total sales in any consecutive 12 months by March 1,

19    2019.

20    b.     $1,000,000 in total sales in any consecutive 12 months by March 1,

21    2021.

     **Ex. 2**, ¶ 12 (emphasis added).

22    **Response to Paragraph No. 28.**

23    Arn alleges that Hurford expressly repudiated the Memorandum and denied

24    that it was an enforceable agreement. Arn alleges that the Memorandum speaks

25    for itself. Except as thus expressly alleged, Arn denies the allegations of this

26    paragraph

27    29.     In October 2019, ROM Tech. sent a letter purporting to provide 90-

28

days' notice of termination of the Contract pursuant to a provision of the original Licensing Agreement that was "amend[ed] and supersede[d]" by conflicting provisions of the Memorandum. **Ex. 2**, ¶¶ 1,12.

**Response to Paragraph No. 29.**

Arn admits that on October 16, 2019, ROM Tech sent Plaintiff a notice of termination. Except as thus expressly admitted, Arn denies the allegations of this paragraph.

30. Plaintiff has not terminated the Contract.

**Response to Paragraph No. 30.**

Arn denies the allegations of this paragraph.

31. An actual case or controversy exists regarding the parties' rights and obligations under the terms of the Contract.

**Response to Paragraph No. 31.**

Arn admits that there is an actual case or controversy regarding the parties' rights and obligations under the Agreement. Except as thus expressly admitted, Arn denies the allegations of this paragraph.

32. Specifically, Plaintiff seeks a judicial determination that the Contract was not terminated and remains in effect.

**Response to Paragraph No. 32.**

Arn admits that plaintiff seeks a judicial determination that the Contract was not terminated and remains in effect. Except as thus expressly admitted, Arn denies the allegations of this paragraph

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendant ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, and awarding Plaintiff the following relief:

a. an order declaring that the Contract was not terminated and remains in effect;

b.    Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law and the Contract; and

c.    such other and further relief as this Court deems just and proper.

**Response to Count I prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

**COUNT II**
**Breach of Contract (Specific Performance)**

33.    Plaintiff incorporates all prior paragraphs as if stated herein.

**Response to Paragraph No. 33.**

Arn incorporates his responses to all prior paragraphs as if stated herein.

34.    Plaintiff is the Licensor under the Agreement and Memorandum, which constitutes a valid and enforceable contract that is reasonable and supported by adequate consideration (the "Contract").

**Response to Paragraph No. 34.**

Arn denies the allegations of this paragraph

35.    Plaintiff has substantially performed under the Contract by, *inter alia*, allowing ROM Tech. to use the ROM3 patents and trademark exclusively for nearly five years, and remains ready and willing to perform its obligations under the Contract.

**Response to Paragraph No. 35.**

Arn denies the allegations of this paragraph.

36.    As set forth above, ROM Tech. has breached the Contract by, *inter alia*:

a.    failing to use commercially reasonable efforts to diligently proceed with the development, manufacture, marketing, and sale of licensed products and services as required by the Licensing Agreement;

b.    performing in bad faith and without fair dealing by, *inter alia*, exercising judgment conferred by the Contract in such a manner as to evade the spirit of the bargain and/or to deny Plaintiff the expected benefit of the

10

Contract, lacking diligence, willfully rendering imperfect performance,

c. not providing royalty reports;

d. failing to pay Licensor the $750,000 for the "Preference Amount";

e. failing to deliver the promissory note or otherwise pay Licensor the $54,600 for the "acknowledged prior debt";

f. failing to deliver the promissory note or otherwise pay Licensor the $35,000 for the "unpaid compensation for work provided";

g. not making any profit distribution payments or accountings to Licensor; and

h. failing to provide sales, earnings, financial, and other reports and accountings required by the Agreement.

**Response to Paragraph No. 36.**

Arn denies the allegations of this paragraph

37. As a result of ROM Tech.'s breach, Plaintiff has been damaged and faces a threat of continued harm that renders legal remedies inadequate.

**Response to Paragraph No. 37.**

Arn denies the allegations of this paragraph.

38. The irreparable harm that would be caused by ROM Tech.'s continued refusal to perform its contractual obligations can and would be minimized by an order of this Court directing ROM Tech. to provide the above-referenced distributions, promissory notes, reports, and accountings that were previously-undelivered and that are owed for the duration of the Contract.

**Response to Paragraph No. 38.**

Arn denies the allegations of this paragraph.

39. Plaintiff has no adequate remedy at law.

**Response to Paragraph No. 39.**

Arn denies the allegations of this paragraph.

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendant ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, and awarding Plaintiff the following relief:

a. an order directing Defendant to specifically perform and fulfill all past-due and future obligations under the Contract; or

b. in the alternative, and only in the event that the Contract is deemed to have been terminated, compensatory damages for Defendant's breaches, in an amount to be proved at trial, along with pre- judgment and post-judgment interest as provided under the law; and

c. Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law and the Contract; and

d. such other and further relief as this Court deems just and proper.

**Response to Count II prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

## COUNT III
### Fraud

40. Plaintiff incorporates paragraphs 1-23 above as if stated herein.

**Response to Paragraph No. 40.**

Arn incorporates his responses to paragraphs 1-23 as if stated herein.

41. At the time they negotiated and entered into the Agreement, Defendants Peter Arn, Sanford Gomberg, and ROM Tech., then known as ROM3 California, LLC ("ROM3 California"), represented that: (a) ROM3 California was capable of and intended to use the granted ROM3 license to develop, manufacture, market, and sell ROM3 products and services in quantities sufficient to meet the market demand; and (b) each Defendant would focus their efforts on maximizing the value of the ROM3 intellectual property and market.

**Response to Paragraph No. 41.**

Arn denies the allegations of this paragraph.

42. At the time they negotiated and entered into the Memorandum, Defendants Peter Arn, Sanford Gomberg, and ROM Tech., then known as ROM3 California, LLC, represented that: (a) ROM3 California was capable of and intended to continue using the granted ROM3 license to develop, manufacture, market, and sell ROM3 products and services in quantities sufficient to meet the

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

market demand; (b) each Defendant would focus their efforts on maximizing the value of the ROM3 intellectual property and market; (c) Licensee owed and would pay Licensor $839,600; (d) Licensor would share in the profits of Licensee; (e) Licensor would have the sole right to terminate the Exclusive Licensing Agreement.

**Response to Paragraph No. 42.**

Arn denies the allegations of this paragraph.

43.     Defendants further represented that they would diligently proceed with the development, manufacture, marketing, and sale of ROM3 products and services and immediately notify Licensor if it learned of any activity infringing on the Licensor's intellectual property rights.

**Response to Paragraph No. 43.**

ROM Tech  alleges that Section 6.1 of the License states that "Licensee will use ***commercially reasonable efforts to*** diligently proceed with the development, manufacture, marketing and Sale of Licensed Products and Licensed Services in quantities sufficient to meet the market demand.  (Emphasis supplied.)  Arn alleges that there was no appreciable market demand for Licensed Products or Licensed Services.  Arn alleges that Section 17.1 of the Agreement provides that "In the event that Licensee learns of ***the substantial infringement of any Patent Rights***, Licensee will immediately provide Licensor with notice and reasonable e evidence of such infringement ("Infringement Notice").  (Emphasis supplied.) Except as thus expressly alleged, Arn denies the allegations of this paragraph.

44.     Defendants knew or believed the aforementioned representations to be false when they made them.

**Response to Paragraph No. 44.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

45. A fiduciary relationship existed between Licensor and Licensee in that the relationship was a confidential agency relationship characterized by a unique degree of trust and confidence between the parties, in which Licensee had superior knowledge, skill, or expertise in developing, manufacturing, marketing, and selling the ROM3 products and was under a duty to represent the interests of Licensor.

**Response to Paragraph No. 45.**

Arn denies the allegations of this paragraph.

46. Upon information and belief, Defendants never had any intention to develop, manufacture, market, and/or sell the ROM3 products or maximize the value of the ROM3 intellectual property and market services, but rather engaged in a scheme to defraud Licensor so that Defendants could be the first and sole occupant in the marketplace while acquiring information regarding the ROM3 invention, including the associated patent rights, patent applications, trademark, and other intellectual property related to the invention.

**Response to Paragraph No. 46.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

47. In furtherance of this scheme, during the time ROM Tech. was operating under the Exclusive Licensing Agreement, and despite its duty to notify Licensor of infringing activity, Defendants concealed from Licensor that they

1    were actively working to develop a similar class of products (medical devices

2    including exercise machines used for post-surgery recovery and rehabilitative

3    purposes) that they could sell to consumers under the name ROM TECH, a name

4    confusingly similar to ROM3, in the ROM3 market over which it had exclusive

5    control.

6            **Response to Paragraph No. 47.**

7            Arn alleges that this allegation is false on its face because the same person

8    (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

9    Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

10   lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

11   law.  Except as thus expressly alleged, Arn denies the allegations of this

12   paragraph.  ROM Tech further alleges that nothing in the Agreement purports to

13   preclude ROM Tech from developing noninfringing competing products or

14   services, and implying such an obligation would be contrary to California and

15   federal law.  Except as thus expressly alleged, Arn denies the allegations  of this

16   paragraph.

17           48.     In furtherance of this scheme, on January 8, 2019, ROM Tech.,

18   then known as ROM3 Rehab, LLC, without informing Licensor, applied for four

19   separate patents related to the similar products it was developing.

20           **Response to Paragraph No. 48.**

21           Arn admits that on January 8, 2019, ROM Tech filed four separate patents

22   without informing Licensor.  Except as thus expressly alleged, Arn denies the

23   allegations of this paragraph.

24           49.     In furtherance of this scheme, on March 12, 2019, ROM Tech.,

25   then known as ROM3 Rehab, LLC, without informing Licensor, applied for an

26   additional patent related to the similar products it was developing.

27           **Response to Paragraph No. 49.**

28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

Arn alleges that it informed plaintiff that it was developing its own technology and that it was applying or intended to apply for patents on it. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

50. In furtherance of this scheme, on October 16, 2019, ROM Tech., then known as ROM3 Rehab, LLC, provided Plaintiff a purported 90-days' notice of termination of the Exclusive Licensing Agreement, which would have terminated the Agreement on January 14, 2020.

**Response to Paragraph No. 50.**

Arn admits that on October 16, 2019, ROM Tech sent Plaintiff a notice of termination. Except as thus expressly admitted, Arn denies the allegations of this paragraph.

51. In furtherance of this scheme, ROM3 Rehab, LLC, without notifying Licensor, converted to ROM Technologies, Inc., which was incorporated in Delaware on January 2, 2020.

**Response to Paragraph No. 51.**

Arn admits that ROM3 Rehab, LLC was converted to ROM Tech. Except as thus expressly admitted, Arn denies the allegations of this paragraph

52. In furtherance of this scheme, on January 13, 2020, Defendants, without notifying Licensor, applied to the U.S. Patent and Trademark Office for two trademarks: "ROM TECH" and "ROM TECHNOLOGIES."

**Response to Paragraph No. 52.**

Arn admits that without informing Plaintiff, on January 13, 2020 ROM Tech applied for trademarks on "ROM TECH" and "ROM TECHNOLOGIES." Except as thus expressly admitted, Arn denies the allegations of this paragraph

53. Defendants intended to, and are currently, selling similar class of products to what is covered by the Licensing Agreement under the ROM TECH name.

**Response to Paragraph No. 53.**

Arn alleges that it is currently selling and intends to continue to sell "range of motion" machines for rehabilitation. Except as thus expressly alleged, Arn neither admits nor denies the allegations of this paragraph as they state a conclusion of law.

54. In furtherance of the scheme, Defendants, without notifying Licensor, modified the website they had previously created and used to market and sell inventions and methods covered by the ROM3 patents and trademark under the Licensing Agreement.

**Response to Paragraph No. 54.**

Arn alleges that it modified its website to cover its new products without notifying Plaintiff. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

55. Specifically, Defendants:
a. have caused the URL www.rom3rehab.com to redirect visitors to www.ROM Tech.com where the infringing goods and services are advertised; and
b. modified other pages of the www.rom3rehab.com website, which still prominently display the ROM3 trademark and products, to redirect visitors to www.ROM Tech.com when a visitor clicks on the "Home" page on the original website's navigation menu.

**Response to Paragraph No. 55.**

Arn admits that the URL www.rom3rehab.com had redirected visitors to www.ROM Tech.com. Arn alleges that ROM Tech caused such redirection to be disabled and also caused www.rom3rehab.com to be disabled. Except as thus admitted and alleged, Arn denies the allegations of this paragraph.

56. Defendants concealed facts under circumstances that created a duty to speak, including the existence of the express contractual duties and fiduciary duties set forth above.

**Response to Paragraph No. 56.**

Arn denies the allegations of this paragraph.

1    57.    Defendants' promises, representations, and concealments described

2    above were false.

3        **Response to Paragraph No. 57.**

4        Arn alleges that this allegation is false on its face because the same person

5    (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

6    Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

7    lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

8    law.  Except as thus expressly alleged, Arn denies the allegations of this

9    paragraph.

10       58.    Defendants knew, or had reason to know, that the Defendants'

11   promises, representations, and concealments described above were false.

12       **Response to Paragraph No. 58.**

13       Arn alleges that this allegation is false on its face because the same person

14   (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

15   Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

16   lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

17   law.  Except as thus expressly alleged, Arn denies the allegations of this

18   paragraph.

19       59.    Defendants' promises, representations, and concealments described

20   above were material to Licensor in its decisions to, *inter alia*: (a) give ROM Tech.

21   control over the ROM3 trademark and patents, exclusive licensing rights, and a

22   monopoly in the market of ROM3 products; (b) not license the ROM3 intellectual

23   property through other parties; (c) give up royalty rights and amend the original

24   Licensing Agreement; (d) continue the relationship despite ROM Tech.'s

25   underperformance; and (e) refrain from its own development, manufacturing,

26   marketing, and sale of goods and services covered by the ROM3 intellectual

27   property.

28       **Response to Paragraph No. 59.**

1    Arn alleges that this allegation is false on its face because the same person
2    (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the
3    Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson
4    lied to himself; reliance on a lie made to oneself is unreasonable as a matter of
5    law. Except as thus expressly alleged, Arn denies the allegations of this
6    paragraph.

7        60.    Defendants made the promises, representations, and concealments
8    described above over several years with the intent that Licensor rely on such
9    promises and concealments, in *inter alia*: (a) giving ROM Tech. control over the
10   ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the
11   market of ROM3 products; (b) not licensing the ROM3 intellectual property
12   through other parties; (c) giving up royalty rights and amending the original
13   Licensing Agreement; (d) continuing the relationship despite ROM Tech.'s
14   underperformance; and (e) refraining from its own development, manufacturing,
15   marketing, and sale of goods and services covered by the ROM3 intellectual
16   property.

17       **Response to Paragraph No. 60.**

18       Arn alleges that this allegation is false on its face because the same person
19   (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the
20   Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson
21   lied to himself; reliance on a lie made to oneself is unreasonable as a matter of
22   law. Except as thus expressly alleged, Arn denies the allegations of this
23   paragraph.

24       61.    Licensor justifiably relied on the truth of the promises and
25   statements described above by *inter alia*: (a) giving ROM Tech. control over the
26   ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the
27   market of ROM3 products; (b) not licensing the ROM3 intellectual property
28   through other parties; (c) giving up royalty rights and amending the original

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

Licensing Agreement; (d) continuing the relationship despite ROM Tech.'s underperformance; and (e) refraining from its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property.

**Response to Paragraph No. 61.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

62. Defendants' concealments described above were intended to, and did, induce a false belief in Defendants' ability and intent to act on Licensor's behalf.

**Response to Paragraph No. 62.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

63. Licensor justifiably relied on Defendants' silence and could not have discovered the truth through reasonable inquiry or inspection, and, in fact, was prevented from making reasonable inquiry or inspection by Defendants' failure and refusal to provide written reports and other records despite Licensor's requests.

**Response to Paragraph No. 63.**

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

64. Had Licensor known of the concealment or the misrepresentations, it would have *inter alia*: (a) not given ROM Tech. control over the ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the market of ROM3 products; (b) licensed the ROM3 intellectual property through other parties; (c) negotiated a more favorable amendment to the original Licensing Agreement; and (d) engaged in its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property and expanded the marketplace, goodwill, and reputation for such goods and services.

**Response to Paragraph No. 64.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

65. As a direct result of Defendants' scheme, Plaintiff was damaged in that it, *inter alia*, lost royalties, continued the relationship with Defendants and refrained from engaging other companies to assist in the development, manufacturing, marketing, and sale of the ROM3 goods and services or otherwise expanding the marketplace, goodwill, and reputation for such goods and services, resulting in lost opportunity to bring the ROM3 system to the market and the loss of market share and lost profits.

1    **Response to Paragraph No. 65.**

2         Arn alleges that this allegation is false on its face because the same person

3    (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

4    Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

5    lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

6    law.  Except as thus expressly alleged, Arn denies the allegations of this

7    paragraph.

8         66.    Defendants' conduct in perpetrating this scheme to defraud

9    Licensor constitutes a willful, wanton, and reckless disregard and indifference to

10   the Plaintiff's rights, and an award of punitive damages is necessary to punish

11   Defendants and deter others from like conduct in the future.

12   **Response to Paragraph No. 66.**

13        Arn alleges that this allegation is false on its face because the same person

14   (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

15   Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

16   lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

17   law.  Except as thus expressly alleged, Arn denies the allegations of this

18   paragraph.

19        WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against

20   Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a

21   ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and

22   awarding Plaintiff the following relief:

23        a.    compensatory damages, in an amount to be proved at trial;

24        b.    an award of punitive damages in such amount sufficient to punish
               Defendants and deter others from like conduct in the future;

25        c.    Plaintiff's costs of suit, including reasonable attorneys' fees as
               provided by law;

26        d.    pre-judgment and post-judgment interest as provided under the law;
               and

27

28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

e.      such other and further relief as this Court deems just and proper.

**Response to Count III prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

**COUNT IV**
**Breach of Fiduciary Duty**

67.     Plaintiff incorporates paragraphs 1-23 and 40-66 above as if stated herein.

**Response to Paragraph No. 67.**

Arn incorporates his responses to paragraphs 1-23 and 40-66 as if stated herein.

68.     As set forth above, Defendants owed Licensor fiduciary duties, including the duties of loyalty, care, and good faith.

**Response to Paragraph No. 68.**

Arn denies the allegations of this paragraph.

69.     Defendants breached their fiduciary duties by, among other things, failing to market and develop the ROM3 invention, failing to diligently undertake their obligations under the Licensing Agreement, making material misrepresentations and concealments, engaging in the pattern of misrepresentations and concealments described above, and placing their own financial interests ahead of Licensor's.

**Response to Paragraph No. 69.**

Arn denies the allegations of this paragraph

70.     As a result of Defendants' breach of fiduciary duties, Plaintiff was damaged in an amount to be proved at trial.

**Response to Paragraph No. 70.**

Arn denies the allegations of this paragraph.

71.     Defendants' breaches of their fiduciary duties were undertaken

repeatedly and with deceit, constituting a willful, wanton, and reckless disregard and indifference to the Licensor's rights, and an award of punitive damages is necessary to punish Defendants and deter others from like conduct in the future.

**Response to Paragraph No. 71.**

Arn denies the allegations of this paragraph

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

    a.    compensatory damages, in an amount to be proved at trial;

    b.    an award of punitive damages in such amount sufficient to punish Defendants and deter others from like conduct in the future;

    c.    Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law;

    d.    pre-judgment and post-judgment interest as provided under the law; and

    e.    such other and further relief as this Court deems just and proper.

**Response to Count IV prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

<u>**COUNT V**</u>
<u>**Violation of the Illinois Uniform Deceptive Trade Practices Act - 815 ILCS 510/1 *et seq.***</u>

72.    Plaintiff incorporates paragraphs 1-23 and 40-71 above as if stated herein.

**Response to Paragraph No. 72.**

Arn incorporates his responses to paragraphs 1-23 and 40-71 as if stated herein.

73.    Defendants are each "persons" pursuant to 815 ILCS 510/1(5) because ROM Tech. is a corporation and Peter Arn and Sanford Gomberg are

individuals.

**Response to Paragraph No. 73.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

74.    Section 2 of the Illinois Uniform Deceptive Trade Practices Act provides that a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: "(1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; . . . [or] (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have. . . ." 815 ILCS 510/2.

**Response to Paragraph No. 74.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

75.    As set forth above, Defendants engaged in deceptive trade practices in the course of their business by engaging in an unauthorized use of the ROM3 trademark, and/or marks confusingly similar thereto, for a similar class of products (medical devices including exercise machines used for post-surgery recovery and rehabilitative purposes) that they could sell to consumers under the name ROM TECH in the ROM3 market over which it had exclusive control, causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with Plaintiff's intellectual property and their own, independent business.

**Response to Paragraph No. 75.**

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

1    Arn denies the allegations of this paragraph.

2    76.    Furthermore, Defendants' modification of the website they had

3    previously created and used to market ROM3 goods and services pursuant to the

4    Agreement to redirect visitors to a similar website displaying their new, infringing

5    name and products is deceptive marketing that

6    implies that Defendants' new business is sponsored by, approved by, or

7    otherwise affiliated with Plaintiff and the ROM3 trademark.

8    **Response to Paragraph No. 76.**

9    Arn denies the allegations of this paragraph.

10   77.    The aforesaid deceptive acts and practices occurred in the course of

11   Defendants' business.

12   **Response to Paragraph No. 77.**

13   Arn denies the allegations of this paragraph.

14   78.    Defendants' conduct constitutes a willful, wanton, and reckless

15   disregard and indifference to Plaintiff's rights.

16   **Response to Paragraph No. 78.**

17   Arn denies the allegations of this paragraph.

18   79.    As a result of Defendants' willful deceptive trade practices,

19   Plaintiff, the lawful owner of the ROM3 trademark, is likely to be damaged.

20   **Response to Paragraph No. 79.**

21   Arn denies the allegations of this paragraph.

22   80.    Defendants' conduct is continuing and Plaintiff faces a risk of

23   future harm with no adequate legal remedy given the ongoing conduct.

24   **Response to Paragraph No. 80.**

25   Arn denies the allegations of this paragraph

26   WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against

27   Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a

28

ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

    a.    an order enjoining Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all other persons acting in concert with and/or participating with them, from continuing to engage in the aforementioned deceptive trade practices, including the use of the ROM3 trademark, or marks confusingly similar thereto, including ROM TECH, and misdirecting persons from the ROM3 website to Defendants' own website;

    b.    Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law; and

    c.    such other and further relief as this Court deems just and proper.

**Response to Count V prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

## COUNT VI
## Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act By Means of Unfair Business Practices - 815 ILCS § 505/1 *et seq.*

81.    Plaintiff incorporates paragraphs 1-23 and 40-80 as if stated herein.

**Response to Paragraph No. 81.**

Arn incorporates his responses to paragraphs 1-23 and 40-80 as if stated herein.

82.    The goods and services being sold by ROM Tech. are "merchandise" pursuant to 815 ILCS § 505/1(b).

**Response to Paragraph No. 82.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

83.    The advertising, offering for sale, and/or the sale of such goods and services by ROM Tech. constitute "trade" or "commerce" pursuant to 815 ILCS § 505/1(f).

**Response to Paragraph No. 83.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

84. Plaintiff is a "person" pursuant to 815 ILCS § 505/1(c) because it is a limited liability company.

**Response to Paragraph No. 84.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

85. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 prohibits unfair methods of competition and unfair or deceptive acts or practices:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

**Response to Paragraph No. 85.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

86. As set forth in Count V above, Defendants engaged in practices prohibited by Section 2 of the Uniform Deceptive Trade Practices Act.

**Response to Paragraph No. 86.**

Arn denies the allegations of this paragraph.

87. In addition, the acts and practices engaged in by Defendants, as set forth herein, constitute unfair business practices in violation of 815 ILCS § 505/1

28

et seq. because they (a) offend public policy; (b) are immoral, unethical, oppressive, or unscrupulous; and/or (c) cause substantial injury to consumers.

**Response to Paragraph No. 87.**

Arn denies the allegations of this paragraph.

88.     The aforesaid unfair acts and practices occurred in the course of conduct involving trade or commerce.

**Response to Paragraph No. 88.**

Arn denies the allegations of this paragraph.

89.     Defendants intended that Licensor rely on the aforesaid unfair acts and practices.

**Response to Paragraph No. 89.**

Arn denies the allegations of this paragraph.

90.     Had Licensor known of Defendants' unfair business practices it would have *inter alia*: (a) not given ROM Tech. control over the ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the market of ROM3 products; (b) licensed the ROM3 intellectual property through other parties; (c) negotiated a more favorable amendment to the original Licensing Agreement; and (d) engaged in its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property and expanded the marketplace, goodwill, and reputation for such goods and services.

**Response to Paragraph No. 90.**

Arn denies the allegations of this paragraph.

91.     As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff was damaged in that it, *inter alia*, lost royalties, continued the relationship with Defendants and refrained from engaging other companies to assist in the development, manufacturing, marketing, and sale of the ROM3 goods and services or otherwise expanding the marketplace, goodwill, and reputation for

such goods and services, resulting in lost opportunity to bring the ROM3 system to the market and the loss of market share and lost profits.

**Response to Paragraph No. 91.**

Arn denies the allegations of this paragraph.

92.     Defendants' conduct is continuing and Plaintiff faces a risk of future harm with no adequate legal remedy given the ongoing conduct.

**Response to Paragraph No. 92.**

Arn denies the allegations of this paragraph.

93.     Defendants' conduct constitutes a willful, wanton, and reckless disregard and indifference to the Plaintiff's rights, and an award of punitive damages is necessary to punish Defendants and deter others from like conduct in the future.

**Response to Paragraph No. 93.**

Arn denies the allegations of this paragraph.

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

a. compensatory damages in an amount to be proved at trial;
b. an order enjoining Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all other persons acting in concert with and/or participating with them, from continuing to engage in the aforementioned unfair practices, including the use of the ROM3 trademark, or marks confusingly similar thereto, including ROM TECH, and misdirecting persons from the ROM3 website to Defendants' own website;
c. an award of punitive damages in such amount sufficient to punish Defendants and deter others from like conduct in the future;
d. Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law;
e. pre-judgment and post-judgment interest as provided under the law;

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

and

f.      such other and further relief as this Court deems just and proper.

**Response to Count VI prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

<u>**COUNT VII**</u>
<u>**Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act**</u>
<u>**By Means of Deceptive Acts or Practices – 815 ILCS § 505/1** *et seq.*</u>

94.     Plaintiff incorporates paragraphs 1-23 and 40-93 as if stated herein.

**Response to Paragraph No. 94.**

Arn incorporates his responses to paragraphs 1-23 and 40-93 as if stated herein.

95.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby."

**Response to Paragraph No. 95.**

Arn neither admits nor denies the allegations of this paragraph as they state a legal conclusion.

96.     As set forth above, Defendants engaged in deceptive and/or fraudulent business practices in violation of 815 ILCS § 505/1 *et seq*. with repeated false pretenses, false promises, misrepresentations, concealments, and suppression or omission of material facts in the conduct of trade or commerce.

**Response to Paragraph No. 96.**

Arn denies the allegations of this paragraph.

31

97.    Defendants intended that the Licensor rely on the aforesaid deceptive acts and practices.

**Response to Paragraph No. 97.**

Arn denies the allegations of this paragraph

98.    Had Licensor known of Defendants' deceptive and/or fraudulent business practices it would have *inter alia*: (a) not given ROM Tech. control over the ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the market of ROM3 products; (b) licensed the ROM3 intellectual property through other parties; (c) negotiated a more favorable amendment to the original Licensing Agreement; and (d) engaged in its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property and expanded the marketplace, goodwill, and reputation for such goods and services.

**Response to Paragraph No. 98.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

99.    As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff was damaged in that it, *inter alia*, lost royalties, continued the relationship with Defendants and refrained from engaging other companies to assist in the development, manufacturing, marketing, and sale of the ROM3 goods and services or otherwise expanding the marketplace, goodwill, and reputation for such goods and services, resulting in lost opportunity to bring the ROM3 system

1    to the market and the loss of market share and lost profits.

2    **Response to Paragraph No. 99.**

3    Arn denies the allegations of this paragraph.

4    100.     Defendants' conduct is continuing and Plaintiff faces a risk of

5    future harm with no adequate legal remedy given the ongoing conduct.

6    **Response to Paragraph No. 100.**

7    Arn denies the allegations of this paragraph.

8    101.     Defendants' conduct constitutes a willful, wanton, and reckless

9    disregard and indifference to the Plaintiff's rights, and an award of punitive

10    damages is necessary to punish Defendants and deter others from like conduct in

11    the future.

12    **Response to Paragraph No. 101.**

13    Arn denies the allegations of this paragraph

14    WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against

15    Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a

16    ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and

17    awarding Plaintiff the following relief:

       a.     compensatory damages in an amount to be proved at trial;

18    b.     an order enjoining Defendants, their officers, shareholders, directors,

19           agents, servants, employees, attorneys, parent companies, and all

20           other persons acting in concert with and/or participating with them,
            from continuing to engage in the aforementioned unfair practices,

21           including the use of the ROM3 trademark, or marks confusingly

22           similar thereto, including ROMTECH, and misdirecting persons from
            the ROM3 website to Defendants' own website;

23    c.     an award of punitive damages in such amount sufficient to punish
            Defendants and deter others from like conduct in the future;

24    d.     Plaintiff's costs of suit, including reasonable attorneys' fees as

25           provided by law;

26    e.     pre-judgment and post-judgment interest as provided under the law;
            and

27    f.     such other and further relief as this Court deems just and proper.

28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

1     **Response to Count VII prayer.**

2     WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First

3 Amended Complaint.

4                 **COUNT VIII**
      **Federal Trademark Infringement - 15 U.S.C. § 1114**

5

6     102.     Plaintiff incorporates paragraphs 1-23 and 40-101 as if stated

7 herein.

    **Response to Paragraph No. 102.**

8

9     Arn incorporates his responses to paragraphs 1-23 and 40-101 as if stated

10 herein.

11     103.     The actions of Defendants described herein constitute infringement

12 of the ROM3 trademark, which is currently owned by Plaintiff, in violation of

13 Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

    **Response to Paragraph No. 103.**

14

15     Arn denies the allegations of this paragraph.

16     104.     Defendants' willful, deliberate, and unauthorized use of the ROM3

17 trademark, or marks confusingly similar thereto, has caused confusion and is

likely to continue to cause confusion, mistake, and deception in that consumers
18
are likely to associate and believe that Defendants are associated with, connected
19
to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by
20
Plaintiff in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).
21
    **Response to Paragraph No. 104.**
22

23     Arn denies the allegations of this paragraph.

24     105.     As a direct and proximate result of Defendants' unauthorized use of

the ROM3 trademark, or marks confusingly similar thereto, Defendants have
25
damaged, and will continue to damage, Plaintiff's goodwill and reputation, and
26
have caused and are likely to continue to cause a loss of profits for Plaintiff.
27
    **Response to Paragraph No. 105.**
28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

1      Arn denies the allegations of this paragraph

2      106.    Defendants have caused and will continue to cause irreparable harm

3   to Plaintiff and to the public who is confused by Defendants' unauthorized use of

4   the ROM3 trademark, or marks confusingly similar thereto, unless restrained and

5   enjoined by this Court. Plaintiff has no adequate remedy at law to prevent

6   Defendants from continuing their infringing actions and from injuring Plaintiff.

7      **Response to Paragraph No. 106.**

8      Arn denies the allegations of this paragraph.

9      107.    As a further direct and proximate cause of Defendants' actions,

10  Plaintiff has been damaged, will continue to sustain damage, and is entitled to

11  receive compensation arising from its lost profits and efforts necessary to

12  minimize and/or prevent consumer confusion in an amount to be proven at trial.

13     **Response to Paragraph No. 107.**

14     Arn denies the allegations of this paragraph

15     108.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is also entitled to

16  disgorge Defendants' profits and is entitled to interest and costs, including

17  attorneys' fees for bringing this action.

18     **Response to Paragraph No. 108.**

19     Arn denies the allegations of this paragraph.

20     109.    Based on the circumstances of the case, the actual damages

21  sustained by Plaintiff as a result should be enhanced pursuant to 15 U.S.C. § 1117.

22     **Response to Paragraph No. 109.**

23     Arn denies the allegations of this paragraph.

24     110.    Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to injunctive

25  relief.

26     **Response to Paragraph No. 110.**

27     Arn denies the allegations of this paragraph.

28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

    a.    an order finding that the ROM3 trademark has been infringed by Defendants under 15 U.S.C. § 1114;

    b.    compensatory damages sustained as a result of Defendants' infringement of the ROM3 trademark, in an enhanced amount pursuant to 15 U.S.C. § 1117;

    c.    disgorgement of Defendants' profits;

    d.    an order enjoining Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all other persons acting in concert with and/or participating with them, from:

        i.    using any combination, reproduction, counterfeit, copy, or colorable imitation of the ROM3 mark, including ROMTECH, in advertising, offering for sale, or the sale of goods or services;

        ii.    committing any acts calculated to cause purchasers to believe that Defendants' goods and services are approved by, licensed by, affiliated with or sponsored by Plaintiff; and

        iii.    otherwise competing unfairly with Plaintiff in any manner including, but not limited to, the infringing use of the ROM3 mark;

    e.    pre-judgment and post-judgment interest as provided under the law;

    f.    Plaintiff's costs of suit, including reasonable attorneys' fees as provided under the law; and

    g.    such other and further relief as this Court deems just and proper.

**Response to Count VIII prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

## COUNT IX
## Federal Common Law Trademark Infringement

111.    Plaintiff incorporates paragraphs 1-23 and 40-101 as if stated herein.

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

1          **Response to Paragraph No. 111.**

2              Arn incorporates his responses to paragraphs 1-23 and 40-101 as if stated

3      herein.

4              112.    The actions of Defendants described herein constitute infringement

5      of Plaintiff's rights in the ROM3 trademark pursuant to federal common law.

6          **Response to Paragraph No. 112.**

7              Arn denies the allegations of this paragraph.

8              113.    As a direct and proximate result of Defendants' unauthorized use of

9      the ROM3 trademark, or marks confusingly similar thereto, Defendants have

10     damaged, and will continue to damage, Plaintiff's goodwill and reputation, and

11     have caused and are likely to continue to cause a loss of profits for Plaintiff.

12         **Response to Paragraph No. 113.**

13             Arn denies the allegations of this paragraph.

14             114.    Defendants' actions have caused and will continue to cause

15     irreparable harm to Plaintiff and to the public who is confused by Defendants'

16     unauthorized use of the ROM3 trademark, or marks confusingly similar thereto,

17     unless restrained and enjoined by this Court. Plaintiff has no adequate remedy at

18     law to prevent Defendants from continuing their infringing actions and from

19     injuring Plaintiff.

20         **Response to Paragraph No. 114.**

21             Arn denies the allegations of this paragraph.

22             115.    As a further direct and proximate cause of Defendants' actions,

23     Plaintiff has been damaged, will continue to sustain damage, and is entitled to

24     receive compensation arising from its lost profits and efforts necessary to

25     minimize and/or prevent consumer confusion in an amount to be proven at trial.

26         **Response to Paragraph No. 115.**

27             Arn denies the allegations of this paragraph.

28

1      116.    Plaintiff is also entitled to disgorge Defendants' profits, and is

2  entitled to interest and costs, including its attorneys' fees and costs for bringing

3  this action.

4      **Response to Paragraph No. 116.**

5      Arn denies the allegations of this paragraph.

6      WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against

7  Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a

8  ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and

9  awarding Plaintiff the following relief:

10      a.    an order finding that the ROM3 trademark has been infringed by
   Defendants under federal common law;

11      b.    compensatory damages sustained as a result of Defendants'
   infringement of the ROM3 trademark;

12      c.    disgorgement of Defendants' profits;

13      d.    an order enjoining Defendants, their officers, shareholders, directors,

14  agents, servants, employees, attorneys, parent companies, and all other persons
   acting in concert with and/or participating with them, from:

15

16          i.    using any combination, reproduction, counterfeit, copy, or
            colorable imitation of the ROM3 mark, including ROM TECH, in

17          advertising, offering for sale, or the sale of goods or services;

18          ii.    committing any acts calculated to cause purchasers to
            believe that Defendants' goods and services are approved by,

19          licensed by, affiliated with or sponsored by Plaintiff; and

20          iii.    otherwise competing unfairly with Plaintiff in any manner
            including, but not limited to, the infringing use of the ROM3 mark;

21      e.    pre-judgment and post-judgment interest as provided under the law;

22      f.    Plaintiff's costs of suit, including reasonable attorneys' fees as
            provided under the law; and

23

24      g.    such other and further relief as this Court deems just and proper.

25      **Response to Count IX prayer.**

26      WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First

27  Amended Complaint.

28                          **COUNT X**

## Federal Unfair Competition and False Designation of Origin - 15 U.S.C. § 1125

117.    Plaintiff incorporates paragraphs 1-23 and 40-110 as if stated herein.

**Response to Paragraph No. 117.**

Arn incorporates his responses to paragraphs 1-23 and 40-110 as if stated herein.

118.    As set forth above, Defendants have deliberately and willfully used the ROM3 trademark, or marks confusingly similar thereto, in order to confuse consumers as to the origin and sponsorship of Defendants' goods, and to pass off their own products and services in commerce as those of Plaintiff.

**Response to Paragraph No. 118.**

Arn denies the allegations of this paragraph.

119.    As set forth above, Defendants have modified the website they had previously created and used pursuant to the Licensing Agreement to market and sell goods and services covered by the ROM3 patents and trademark, including by redirecting visitors from ROM3's website to Defendants' new website displaying Defendants' new, infringing, name and products.

**Response to Paragraph No. 119.**

Arn denies the allegations of this paragraph.

120.    Defendants' conduct constitutes attempts to misdirect and confuse consumers as to the origin and sponsorship of Defendants' goods in an effort to capitalize on the goodwill the ROM3 trademark has generated over the last five years.

**Response to Paragraph No. 120.**

Arn denies the allegations of this paragraph

121.    Defendants' unauthorized and tortious conduct has deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception

of its products and services offered under the ROM3 trademark, placing the valuable reputation and goodwill of ROM3 in the hands of Defendants.

**Response to Paragraph No. 121.**

Arn denies the allegations of this paragraph.

122.     Defendants' conduct has had, and will continue to have, a substantial effect on interstate commerce.

**Response to Paragraph No. 122.**

Arn denies the allegations of this paragraph.

123.     Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and their products with Plaintiff's efforts, and as to the origin, sponsorship, or approval of Defendants and their products and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

**Response to Paragraph No. 123.**

Arn denies the allegations of this paragraph.

124.     Defendants had direct and full knowledge of Plaintiff's prior use and rights in the ROM3 trademark before the acts complained of herein.

**Response to Paragraph No. 124.**

Arn denies the allegations of this paragraph

125.     The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

**Response to Paragraph No. 125.**

Arn denies the allegations of this paragraph.

126.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered and will continue to suffer commercial damage, as well as the continued loss of the goodwill and reputation established by Plaintiff in the ROM3 trademark.

**Response to Paragraph No. 126.**

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

Arn denies the allegations of this paragraph

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

    a.    compensatory damages sustained as a result of Defendants' infringement of the ROM3 trademark, in an enhanced amount pursuant to 15 U.S.C. § 1117;

    b.    disgorgement of Defendants' profits;

    c.    an order enjoining Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all other persons acting in concert with and/or participating with them, from:

        i.    redirecting online traffic from the ROM3 Rehab website to Defendants' website; and

        ii.    committing any acts calculated to cause purchasers to believe that Defendants' goods and services are approved by, licensed by, affiliated with or sponsored by Plaintiff;

    d.    pre-judgment and post-judgment interest as provided under the law;

    e.    Plaintiff's costs of suit, including reasonable attorneys' fees as provided under the law; and

    f.    such other and further relief as this Court deems just and proper.

**Response to Count X prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

## COUNT XI
### Negligent Misrepresentation

127.    Plaintiff incorporates paragraphs 1-23 above as if stated herein.

**Response to Paragraph No. 127.**

Arn incorporates his responses to paragraphs 1-23 herein.

128.    Defendants were at all relevant times in the business of supplying information for the guidance of Licensor in its business transactions including, *inter alia*, conveying information regarding the development and manufacturing,

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

potential and actual market for sales, and potential and actual marketing methods for the ROM3 goods and services; informing Licensor of sublicense agreements; providing Licensor periodic progress and royalty reports and other sales and marketing information; and notifying Licensor of infringing activities.

**Response to Paragraph No. 128.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

129. As set forth above, Defendants, in the course of their business, supplied Licensor with information for the guidance of its business transactions, including that: (a) ROM3 California was capable of and intended to use the granted ROM3 license to develop, manufacture, market, and sell ROM3 products and services in quantities sufficient to meet the market demand; and (b) each Defendant would focus their efforts on maximizing the value of the ROM3 intellectual property and market.

**Response to Paragraph No. 129.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

130. As set forth above, after the Agreement was in effect, Defendants, in the course of their business, supplied Licensor with information for the guidance of its business transactions, including that: (a) ROM3 California was

capable of and intended to continue using the granted ROM3 license to develop, manufacture, market, and sell ROM3 products and services in quantities sufficient to meet the market demand; (b) each Defendant would focus their efforts on maximizing the value of the ROM3 intellectual property and market; (c) Licensee owed and would pay Licensor $839,600; (d) Licensor would share in the profits of Licensee; (e) Licensor would have the sole right to terminate the Exclusive Licensing Agreement.

**Response to Paragraph No. 130.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

131. Defendants further supplied Licensor with information for the guidance of its business transactions, including that they would diligently proceed with the development, manufacture, marketing, and sale of ROM3 products and services and immediately notify Licensor if it learned of any activity infringing on the Licensor's intellectual property rights.

**Response to Paragraph No. 131.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee. Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself; reliance on a lie made to oneself is unreasonable as a matter of law. Except as thus expressly alleged, Arn denies the allegations of this paragraph.

132. This information conveyed by Defendants was false.

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

**Response to Paragraph No. 132.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

133.    Defendants supplied this information as part of their course of business and in their own pecuniary interest to, *inter alia*: (a) obtain control over the ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the market of ROM3 products; (b) prevent Licensor from licensing the ROM3 intellectual property through other parties; (c) induce Licensor to relinquish the royalty payments and amend the original Licensing Agreement; (d) continue the exclusive relationship despite ROM Tech.'s underperformance; and (e) keep Licensor from its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property.

**Response to Paragraph No. 133.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

134.    Defendants failed to exercise reasonable care or competence in obtaining, verifying, and subsequently communicating this information to the Licensor and acted with carelessness or negligence in ascertaining the truth of their statements.

**Response to Paragraph No. 134.**

Arn alleges that this allegation is false on its face a because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

135.    Defendants intentionally supplied this false information to the Licensor during the course of negotiations for the Agreement and its amendment, and during its performance under the Agreement.

**Response to Paragraph No. 135.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

136.    The information described above provided by Defendants was material to Licensor in its decisions to, *inter alia*: (a) give ROM Tech. control over the ROM3 trademark and patents, exclusive licensing rights, and a monopoly in the market of ROM3 products; (b) not license the ROM3 intellectual property through other parties; (c) give up royalty rights and amend the original Licensing Agreement; (d) continue the relationship despite ROM Tech.'s underperformance; and (e) refrain from its own development, manufacturing, marketing, and sale of goods and services covered by the ROM3 intellectual property.

**Response to Paragraph No. 136.**

Arn alleges that this allegation is false on its face because the same person (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson
lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of
law.  Except as thus expressly alleged, Arn denies the allegations of this
paragraph.

137.    Licensor justifiably relied on the truth of the information provided
by Defendants by *inter alia*: (a) giving ROM Tech. control over the ROM3
trademark and patents, exclusive licensing rights, and a monopoly in the market of
ROM3 products; (b) not licensing the ROM3 intellectual property through other
parties; (c) giving up royalty rights and amending the original Licensing
Agreement; (d) continuing the relationship despite ROM Tech.'s
underperformance; and (e) refraining from its own development, manufacturing,
marketing, and sale of goods and services covered by the ROM3 intellectual
property.

**Response to Paragraph No. 137.**

Arn alleges that this allegation is false on its face because the same person
(Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the
Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson
lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of
law.  Except as thus expressly alleged, Arn denies the allegations of this
paragraph.

138.    Had Licensor known the information provided by Defendants was
false, it would have *inter alia*: (a) not given ROM Tech. control over the ROM3
trademark and patents, exclusive licensing rights, and a monopoly in the market of
ROM3 products; (b) licensed the ROM3 intellectual property through other
parties; (c) negotiated a more favorable amendment to the original Licensing
Agreement; and (d) engaged in its own development, manufacturing, marketing,
and sale of goods and services covered by the ROM3 intellectual property and
expanded the marketplace, goodwill, and reputation for such goods and services.

1      **Response to Paragraph No. 138.**

2          Arn alleges that this allegation is false on its face because the same person

3  (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

4  Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

5  lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

6  law.  Except as thus expressly alleged, Arn denies the allegations of this

7  paragraph.

8          139.    As a direct result of the justifiable reliance on this information

9  provided by Defendants, Plaintiff was damaged in that it, *inter alia*, lost royalties,

10 continued the relationship with Defendants and refrained from engaging other

11 companies to assist in the development, manufacturing, marketing, and sale of the

12 ROM3 goods and services or otherwise expanding the marketplace, goodwill, and

13 reputation for such goods and services, resulting in lost opportunity to bring the

14 ROM3 system to the market and the loss of market share and lost profits.

15     **Response to Paragraph No. 139.**

16         Arn alleges that this allegation is false on its face because the same person

17 (Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the

18 Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson

19 lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of

20 law.  Except as thus expressly alleged, Arn denies the allegations of this

21 paragraph.

22         140.    Defendants' conduct in negligently providing this information was

23 willful, wanton, and reckless disregard and indifference to the Plaintiff's rights,

24 and an award of punitive damages is necessary to punish Defendants and deter

25 others from like conduct in the future.

26     **Response to Paragraph No. 140.**

27         Arn alleges that this allegation is false on its face because the same person

28

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC

(Dr. Kenneth Wayne Johnson) signed the Agreement for both the Licensor and the Licensee.  Thus, Plaintiff is alleging in effect that Dr. Kenneth Wayne Johnson lied to himself;  reliance on a lie made to oneself is unreasonable as a matter of law.  Except as thus expressly alleged, Arn denies the allegations of this paragraph.

WHEREFORE, Plaintiff Hurford Global LLC prays for judgment against Defendants Peter Arn, Sanford Gomberg, and ROM Technologies, Inc. f/k/a ROM3 Rehab, LLC, f/k/a ROM3 California, LLC, jointly and severally, and awarding Plaintiff the following relief:

   a.  compensatory damages, in an amount to be proved at trial;
   b.  an award of punitive damages in such amount sufficient to punish Defendants and deter others from like conduct in the future;
   c.  Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law;
   d.  pre-judgment and post-judgment interest as provided under the law; and
   e.  such other and further relief as this Court deems just and proper.

**Response to Count XI prayer.**

WHEREFORE, Arn prays that Plaintiff take nothing by reason of its First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint, and each count therein, fails to state a claim against Arn.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver)

The First Amended Complaint, and each count therein, is barred by Plaintiff's wavier of its claims by, among other things, disavowing the Memorandum.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from asserting each claim in the First Amended Complaint because Plaintiff disavowed the Memorandum, among other things.

### FOURTH AFFIRMATIVE DEFENSE
### (Fraudulent Concealment)

The First Amended Complaint, and each count therein, is barred by Plaintiff's predecessor's fraudulent concealment of its inability to perform its obligations because of its managing member's conviction and upcoming federal incarceration for Medicare fraud.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The First Amended Complaint, and each count therein, is barred by Plaintiff's and its predecessor's unclean hands, including its concealment of its inability to perform its obligations because of its managing member's conviction and upcoming federal incarceration for Medicare fraud and its attempt to fraudulently register the trademark it alleges is infringed.

### SIXTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff is precluded from recovering on the First Amended Complaint, and each count therein, because the product that Plaintiff's predecessor conveyed to ROM Tech which was purported covered by the licensed patents was unacceptable in the marketplace and as a result ROM Tech derived little revenue and no profits from the License.

### SEVENTH AFFIRMATIVE DEFENSE
### (Memorandum Unenforceable)

Plaintiff is precluded from recovering on the Memorandum because it is unenforceable as illusory as alleged in ROM Tech's counterclaim filed herewith.

### EIGHTH AFFIRMATIVE DEFENSE
### (Memorandum Rescinded Based on Economic Duress)

Plaintiff is precluded from recovering on the Memorandum because it was obtained by economic duress and rescinded by ROM Tech as alleged in ROM Tech's counterclaim filed herewith.

### NINTH AFFIRMATIVE DEFENSE
#### (Memorandum Rescinded Based on Failure of Consideration)

Plaintiff is precluded from recovering on the Memorandum because there was a failure of consideration as alleged in ROM Tech's counterclaim filed herewith.

### TENTH AFFIRMATIVE DEFENSE
#### (Plaintiff cannot Sue for Breach of the Memorandum Based on Its Failure to Perform Its Obligations Under the Memorandum)

Plaintiff is precluded from recovering on the Memorandum because Plaintiff failed to Perform Its Obligations under the Memorandum as alleged in ROM Tech's counterclaim filed herewith.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (At least $760 Preference Amount Unrecoverable because ROM Tech Properly Terminated License (and Memorandum if Enforceable))

Plaintiff is precluded from recovering at least the $750,000 Preference Amount because it had not accrued before ROM Tech properly terminated the License (and Memorandum if Enforceable) as alleged in ROM Tech's counterclaim filed herewith.

### PRAYER

WHEREFORE, Arn prays judgment as follows:

a. That Plaintiff take nothing by reason of its First Amended Complaint;

b. For ROM Tech's costs of suit;

c. For reasonable attorneys' fees as provided by the Agreement; and

d. such other and further relief as this Court deems just and proper.

Dated: November 18, 2020

FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP

By: */s/ Ian N. Feinberg*

Ian N. Feinberg

Attorneys for Defendant Peter Arn

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 16-4.4.

Dated: November 18, 2020

By: */s/ Ian N. Feinberg*

Ian N. Feinberg

Attorneys for Defendant Peter Arn

ARN'S ANSWER TO FIRST AMENDED COMPLAINT - 2:20-CV-10203-DDP-PVC